### 13402. HARDEN *v.* THE STATE.

Although it was shown that an automobile without a license-tag on the rear was driven by the accused, yet it appearing that he had complied with the law as to procuring such a tag, and that it was displayed on the rear of the automobile when he began the trip on which he was seen driving the car without it, and there being no evidence to contradict his statement that it was lost without knowledge on his part during the trip and that he did not discover the loss until the officer who arrested him inquired about the tag, the conviction of the accused was not authorized, and the court erred in overruling his, motion for a new trial.

　　　　　　DECIDED MAY 9, 1922.

Accusation of misdemeanor; from city court of Sparta — Judge Lewis. January 21, 1922.

*M. L. Gross,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

BLOODWORTH, J. Plaintiff in error was convicted of operating an automobile " upon the public highway of said State without the display of a tag on the rear of his car." An officer testified that he saw the accused doing this. The record shows that the accused had complied with the law and secured a license-tag for his automobile, that he made a trip in his car from Sandersville to Sparta, and that when he left Sandersville the tag was displayed on the rear of his car. When he arrived in Sparta an officer called his attention to the fact that no tag was displayed on the car.

The officer swore that when he did this the accused first said that it was displayed in the rear, but, not finding it there, he " contended that he purchased a tag and had the same displayed, but had lost the same between Sandersville and Sparta." A witness testified: " This darkey has been working for me for the last fourteen years and has been of exceptional good character. I have occasion to frequently observe his car, as he keeps the same stored in my garage at Sandersville, Ga., and I know he has had a tag continuously displayed on his car from the time the same was purchased until the last trip he made from Sandersville to Sparta. I am sure the tag was displayed on his car the morning he left Sandersville for Sparta." In his statement the defendant said: " When the officer came to me here in Sparta and inquired why I was driving my car without a tag, I looked and for the first time discovered that the tag was not on the car. . . I did not have any intention of being driving without a tag or disobeying the law in any way."

There is no evidence whatever to show that, with the knowledge that his tag was lost, the accused continued to drive his car. For this reason the evidence is not sufficient to support the verdict, and the court erred in refusing a new trial.

    *Judgment reversed. Broyles, C. J., and Luke, J., concur.*